**Jewel F. ROBINSON, Petitioner,**

v.

**Beverly Jean SHELTON, Respondent.**

No. C–5509.

Supreme Court of Texas.

Oct. 1, 1986.

Rehearing Denied Nov. 5, 1986.

Kenneth R. Stein, Melanie S. McMillen, Matthews, Carlton & Stein, Dallas, for petitioner.

G.H. Kelsoe, Jr. and Timothy S. Perkins, Kelsoe & Kelsoe, P.C., Dallas, for respondent.

PER CURIAM.

This is an appeal from a judgment in an unpublished opinion instructing Jewel Robinson to elect between taking under her husband's will or suing for her interest in the loans her husband made to Beverly Shelton. Jewel Robinson argued that the court of appeals should not have considered the doctrine of elections because neither party presented the issue.

An election cannot be raised unless the will conferred a benefit on Jewel Robinson. *Baldwin v. Baldwin*, 134 Tex. 428, 135 S.W.2d 92 (Tex.Comm'n App.1940, opinion adopted). Pursuant to Rule 166–A TEX.R. CIV.P., the court of appeals can only consider the factual issues presented by the parties to the trial court when reviewing a motion for summary judgment. *Clear Creek Basin Authority v. City of Houston*, 589 S.W.2d 671 (Tex.1979). There is no evidence in the record that Mr. Robinson's will confers a benefit on Jewel Robinson. Thus, there are no facts from which the court of appeals could conclude that an election existed. Because the court of appeals' decision conflicts with the requirements of Rule 166–A and with prior holdings of this Court, we grant the application for writ of error. Pursuant to Rule 133(b) TEX.R.APP.P., without hearing oral argument, we reverse the court of appeals' judgment that Jewel Robinson make an election and remand this case to the court of appeals for further consideration consistent with this opinion.